IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEYBI G., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, et al., <br><br> Respondents. | Case No. 26-cv-00927-SRB-DLM |

# ORDER

Before the Court is Petitioner Deybi G.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.)[1] Petitioner alleges that he is a citizen of El Salvador and a resident of Minnesota. Petitioner alleges he has lived in the United States since 2021. Respondent Immigration and Customs Enforcement arrested Petitioner on January 29, 2026. Petitioner alleges he is entitled to habeas relief because "Respondents wrongly assert 8 U.S.C. 1225(b)(2) as a basis for detaining Petitioner without a hearing, when instead any detention could only be pursuant to 8 U.S.C. 1226(a), which would also require a warrant and which here the Respondents are not purporting to invoke." (Doc. #1, p. 7.)

In an Order dated February 2, 2026, the Court ordered Respondents to file an answer to the Petition on or before February 4, 2026. On February 4, 2026, Respondents filed a response. Respondents argue in part that Petitioner's detention is proper under 8 U.S.C. § 1225 and that § 1226 does not apply.

---

[1] The Petition refers to Deybi G. as "he" and the Government refers to both "he" and "she." For purposes of consistency, this Order refers to "he."

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that Petitioner's detention is not subject to §§ 1225(b)(1) or (2). In particular, the Court rejects Respondents' argument that Petitioner is "seeking admission" under § 1225. (Doc. #5, p. 5.) "[S]ection 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.* "[A] noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Deybi G.'s Verified Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Government is **ORDERED** immediately to release Deybi G. from custody; and

3. The Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when she will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 5, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge